UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NANCY OSTERHOUT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:10 CV 363 |
| ) | |
| WAL-MART STORES EAST, LP, ) | |
| CYNTHIA CARLSON, CRYSTAL ) | |
| SHANNON, AND KAY SMITH, ) | |
| ) | |
| Defendants ) | |

## OPINION AND ORDER

Before the Court is Defendants' "Motion to Dismiss" [DE 26] filed on February 6, 2012. Plaintiff responded on March 14, 2012 to which the Defendants' replied on April 11, 2012. For the following reasons, the Defendants' Motion to Dismiss is DENIED.

## DISCUSSION

On December 28, 2009, Plaintiff Nancy Osterhout ("Osterhout"), filed her Charge of Discrimination ("the Charge") with the EEOC claiming that Wal-Mart failed to accommodate her disability and terminated her because of it. In addition, the Charge alleged gender and age discrimination, retaliation and interference with her Family and Medical Leave Act rights. Osterhout asserted that the discriminatory actions began as early as November, 2008. On July 29, 2010, the EEOC issued a right to sue letter which Osterhout followed up with the present lawsuit, filed on September 17, 2010.

Throughout this same time frame, Osterhout was involved in a bankruptcy proceeding under Chapter 13 of the Bankruptcy Code. Osterhout's bankruptcy petition was filed on August 29, 2008,

1

four months prior to her filing of the Charge. Her bankruptcy filings included a Statement of Financial Affairs form stating that she had no pending suits or administrative proceedings against the Defendants as well as a Schedule B Personal Property form that indicated she had no "other contingent and unliquidated claims." Based upon her filings, the Bankruptcy Court approved a repayment plan for her on November 25, 2008. The repayment plan was approved before Osterhout filed her formal Charge but after the alleged discrimination by the Defendants began according to the dates in her Charge. Defendants have now moved to dismiss the Complaint asserting that the doctrine of judicial estoppel precludes her from prosecuting her present claims because she has not disclosed them to the bankruptcy trustee.

On February 7, 2012, the day after the present Motion to Dismiss was filed, counsel for Osterhout contacted her bankruptcy counsel, and informed him of both the pending lawsuit and the motion to dismiss filed by Defendants. Thereafter, Osterhout's bankruptcy counsel filed a Notice of Amendment of her Chapter 13 Bankruptcy, amended the statement of her financial affairs, and amended her declaration concerning debtor's schedules. On February 24, 2012, the bankruptcy trustee sent Osterhout's counsel a letter indicating that Osterhout, as a debtor in possession, may pursue her cause of action but application must be made to the bankruptcy court to employ Osterhout's current attorney as special counsel to represent Osterhout in the pending case. On March 21, 2012, Plaintiff filed her response to the motion to dismiss setting forth the above information and noting that as of that filing date, the application to appoint current counsel to litigate the pending suit has not been made despite multiple requests.

On April 11, 2012, Defendants filed their reply brief wherein they concede that the doctrine of judicial estoppel is foreclosed based upon the Seventh Circuit's recent decision in *Rainey v.*

2

*United Parcel Serv.,* 2012 WL 753680 (7th Cir. March 7, 2012).[1]  As a result "Defendants withdraw their request that the Court dismiss Osterhout's claim on the theory of judicial estoppel." (Reply, p. 2). In light of this concession, the Motion to Dismiss is DENIED.

Defendants also raise several new issues in their reply brief that are not properly before this court.  For instance, Defendants ask the Court to limit Plaintiff's damages to the amount owed to her creditors in her bankruptcy case contending that she should not be rewarded for attempting to defraud her creditors by her delay in notifying the trustee of this lawsuit.  Defendants also ask the Court to declare that Osterhout may only pursue her case on behalf of the bankruptcy estate.

Generally, arguments raised for the first time in a reply brief are waived. *Broaddus v. Shields,* 665 F.3d 846, 854 (7th Cir.2011); *Mendez v. Perla Dental,* 646 F.3d 420, 423-24 (7th Cir.2011).  But here, even if the Court considered the arguments, the Court must defer their resolution to the expertise of the Bankruptcy Court.  If, as the Defendants suggest, the Plaintiff intended to defraud her creditors and the Bankruptcy Court makes such a finding, it may determine the appropriate remedy for that conduct.  Similarly, whether Osterhout may only pursue her case for the benefit of the bankruptcy estate is within the jurisdiction of the bankruptcy court.  Accordingly, the Motion to Dismiss on these grounds is DENIED as well.

## CONCLUSION

Based on the foregoing, the Defendants' Motion to Dismiss [DE 26] is DENIED.

Entered: This 25th day of April, 2012

s/ William C. Lee<br>United States District Judge

---

[1] Defendants note that a more recent Fifth Circuit case that has decided the judicial estoppel issue differently.  *See Love v. Tyson Foods, Inc.,* ___ F.3d ___, 2012 WL 1110096 (5th Cir., April 4, 2012).